IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KEVIN EDWARD WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 6:08cv148 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Kevin Williams, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his confinement.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Williams complained that false information that he was a gang member was placed into his prison file, which damaged his chances of making parole, and says that this action was "unauthorized but intentional" and shows deliberate indifference.

After review of the pleadings, the Magistrate Judge issued a Report on April 25, 2008, recommending that the petition be dismissed.  The Magistrate Judge observed that at one time, the Fourth Circuit had held that a claim of constitutional magnitude could be stated if an inmate shows that false information is in his file and is relied upon to a constitutionally significant degree, but that this decision has been questioned by the Fifth Circuit and other courts, including the Fourth Circuit itself.  See <u>Paine v. Baker</u>, 595 F.2d 197, 201 (4th Cir.), *cert. denied*, 444 U.S. 925 (1979). However, that case arose in the context of information in a parole file, and the Fifth Circuit, in questioning <u>Paine</u>, has held that because inmates have no constitutional right to release on parole, there are no procedural due process protections for procedures unrelated to liberty interests,

1

specifically including parole; thus, Texas inmates cannot mount a challenge against any state parole review procedures on procedural or substantive grounds. Johnson v. Rodriguez, 110 F.3d 299, 308-09 and n.13 (5th Cir. 1997). Consequently, the Fifth Circuit said that the allegations by the plaintiff in Johnson that the Parole Board had considered unreliable or even false information in making a parole determination did not set out a federal constitutional violation.

In the present case, the Magistrate Judge said that Williams was raising the very same claim as did the plaintiff in Johnson - that false information was placed in his file, which was then considered, or could be considered, by the Board in making a parole determination. Because Williams has no constitutional right to release on parole, the Magistrate Judge stated that he could not mount a challenge to any parole review procedure on procedural or substantive grounds, including any alleged reliance on purportedly false information. *See also* Palmer v. Wyeth, 163 F,3d 1354 (5th Cir, Nov. 9, 1998) (not selected for publication in the Federal Reporter) (lawsuit against board member alleging that the member had placed false information into the plaintiff's parole file, dismissed on the basis that no liberty interest existed in release on parole); Luken v. Scott, 71 F.3d 192 (5th Cir. 1995) (prisoner complained that false information was maintained in his file, causing him to be confined to administrative segregation and to lose the chance to accrue additional good time credits; dismissed because no protected liberty interest was implicated). The Magistrate Judge therefore recommended that Williams' petition be dismissed and that Williams be denied a certificate of appealability *sua sponte*.

Williams received a copy of the Magistrate Judge's Report on May 6, 2008, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this case and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Kevin Williams is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 13th day of June, 2008.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE